# SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

JAHMAL JEROME,

                                        Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER
ANDRE GREEN, POLICE OFFICER ADAM TRILLO,
POLICE OFFICER SUKHVIND PARMAR, POLICE
OFFICERS JOHN DOE 1-10.

                                        Defendants.

-------------------------------------------------------------------- x
--

**COMPLAINT**

ROSS, J.

Jury Trial Demanded

GO M.J.

## PRELIMINARY STATEMENT

1.      This is a civil rights action, alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on January 1, 2010, defendants falsely arrested him, used excessive force and made false allegations about him to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper here pursuant to 28 U.S.C. § 1391.

## PARTIES

4.      Plaintiff is a resident of the State of New York.

5.      The City of New York is a municipal corporation organized under the laws of the State of New York.

6.      Police Officers Andre Green, Adam Trillo, Sukhvind Parmar and John Does (the "officers") are New York City Police Officers who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times.  The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. These defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7.      Plaintiff is a 22 year-old male.  At or about 2:10 a.m. on January 1, 2010, plaintiff was inside 330 Dumont Avenue, Apt. 5B in Brooklyn, New York.

8.      Plaintiff was attending a party in one of the apartments there.

9.      While plaintiff was there, two police officers rushed in to the apartment.

10.     One of the officers threw plaintiff against the wall and then to the ground.

11.     One of the officers punched plaintiff on the right side of his face.

12.     Plaintiff then was hit on the left side of his face with either a shoe or a boot.

13.     Plaintiff was hit multiple times on the face and ultimately passed out.

14.     An ambulance came to the scene and removed plaintiff in a chair and transported him to Kings County Hospital where he remained for several hours.

15.     Plaintiff was taken to the 73rd Precinct where he remained for several hours.

16.     Plaintiff was then taken to Brooklyn Central Booking.

17.     From Central Booking, plaintiff was taken to Kings County Hospital where he received three stitches for his eye.

18.     Plaintiff was then taken back to Central Booking, where he was held for a total of over 30 hours.

19.     At arraignment on January 2nd, bail was set at $2000.

20.     Plaintiff posted a bond and was released from custody on January 4, 2010 at around 2:00 a.m.

21.     His criminal charges were ultimately dismissed on February 24, 2011.

22.     Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, pain and suffering, mental anguish, fear, anxiety, embarrassment, and humiliation.

## FIRST CLAIM

### (FALSE ARREST)

23.     Plaintiff repeats the foregoing allegations.

24.     No officer observed plaintiff commit a crime on January 1, 2010.

25.     At no time on January 1, 2010 did plaintiff commit a crime.

26.     Accordingly, defendants violated the Fourth Amendment because they arrested plaintiff without probable cause.

## SECOND CLAIM

### (STATE LAW FALSE ARREST)

27.     Plaintiff repeats the foregoing allegations.

28.     The officers did not have probable cause to arrest plaintiff.

29.     Plaintiff's arrest was not privileged.

30.     Plaintiff did not consent to his confinement.

Accordingly, defendants violated New York State law because they arrested plaintiff without probable cause.

THIRD CLAIM

(UNREASONABLE FORCE)

31.     Plaintiff repeats the foregoing allegations.

32.     In the course of arresting plaintiff, several officers beat him for no reason.

33.     This use of force was objectively unreasonable.

34.     Accordingly, defendants violated the Fourth Amendment and New York State law because they used unreasonable force on Plaintiff.

FOURTH CLAIM

(§1983 FABRICATION OF EVIDENCE)

35.     Plaintiff repeats the foregoing allegations.

36.     The individual Defendants created false evidence against Plaintiff and forwarded such false evidence to the Kings County District Attorney's Office.

37.     In creating such false evidence, the Defendants violated Plaintiff's constitutional right to due process.

38.     The aforesaid conduct by the City of New York violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

39.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## FIFTH CLAIM

### (§1983 MALICIOUS PROSECUTION)

40.     Plaintiff repeats the foregoing allegations.

41.     Defendant Officers commenced a criminal proceeding against Plaintiff.

42.     Such proceedings terminated in favor of Plaintiff.

43.     No probable cause existed for the commencement of the criminal proceeding.

44.     Defendant Officers commenced the proceeding with actual malice.

45.     In maliciously prosecuting Plaintiff, Defendants violated the Fourth and Fourteenth Amendments to the United States Constitution.

46.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SIXTH CLAIM

### (STATE LAW MALICIOUS PROSECUTION)

47.     Plaintiff repeats the foregoing allegations.

48.     Defendant Officers commenced a criminal proceeding against Plaintiff.

49.     Such proceeding terminated in favor of Plaintiff.

50.     No probable cause existed for the commencement of the criminal proceeding.

51.     Defendant Officers commenced the proceeding with actual malice.

52.     In maliciously prosecuting Plaintiff, Defendants violated the laws of the State of New York.

53.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

54.     Defendant City of New York, as an employer of the individual Defendant Officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

## SEVENTH CLAIM

### (MONELL CLAIM)

55.     Plaintiff repeats the foregoing allegations.

56.     The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

57.     Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

## EIGHTH CLAIM

### (PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK )

58.     Plaintiff repeats and re-alleges the allegations.

59.     Because defendants Green, Trillo, Parmar and Does were acting within the scope of their employment as members of the NYPD during the incidents in question, the City of New

York is vicariously liable under state law for false arrest, false imprisonment and malicious prosecution.

60.     Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the individual defendants.

61.     Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, re-train, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

62.     In addition, the following are City policies, practices and customs: (a) arresting innocent individuals, primarily minorities, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals; (b) fabricating evidence against individuals;(c) using excessive force on individuals;(d) unlawfully strip searching pre-arraignment detainees.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

i.     Compensatory damages in an amount to be determined by a jury;

ii.     Punitive damages in an amount to be determined by a jury;

iii.    Costs, interest and attorney's fees;

iv.    Such other and further relief as the Court may deem just and proper.

DATED:        September 28, 2011

New York, New York

CHRISTOPHER D. WRIGHT (CW-8079)
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1419