```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
JAHMAL JEROME,

                        Plaintiff,
                                                ORDER
        - against -
                                        CV 2011 4761 (ARR)(MDG)
CITY OF NEW YORK, et al.,

                        Defendants.
- - - - - - - - - - - - - - - - - - -X
```

The parties have agreed to a proposed protective order of confidentiality to protect certain information that may be produced in discovery.  See Stip for Protective Order filed March 30, 2012 (ct. doc. 11).  This Court finds, given the nature of the claims asserted herein, that certain documents produced in discovery may contain confidential private information for which special protection from public disclosure and from use for any purpose other than litigating this action would be warranted.  Accordingly, this Court orders as follows:

    1.  The Protective Order agreed to by the parties, which is annexed hereto as Exhibit 1, is approved and incorporated herein, except as modified as follows.

    2.  Absent approval of the Court, no party may designate as confidential materials that are not entitled to treatment under applicable legal principles, such as personnel and disciplinary records; private personal, medical or financial information; information required by law to be maintained in confidence by any

person; and information protected from disclosure by government regulations. In addition, this Order protects all copies, abstracts, charts, summaries, and notes made from material properly designated as Confidential. Nothing in this Order shall be construed as conferring blanket protection on all disclosures or responses to discovery or as constituting a determination of the relevance or admissibility of any discovery materials.

3. The parties must use best efforts to minimize the number and extent of documents filed under seal. Prior to seeking leave to file a document containing Confidential Material under seal, a party must determine whether the material that gives rise to a "Confidential" designation is relevant and necessary to the filing and whether redaction of the confidential information may eliminate the need for sealing the document. If the information that is confidential is not relevant to the filing and there is no need to seal the remainder of the document, the document should be filed unsealed, with the confidential information redacted.

4. If the information that is confidential is relevant to the filing, the document containing information may be filed under seal. However, if the document containing Confidential Material is a document prepared or caused to be prepared by a party for this litigation, such as an affidavit, memorandum of law or deposition transcript, the parties must publicly file the document with the Confidential Material redacted. It should be

noted that if the parties seek to seal documents relating to matters outside the scope of discovery, such as dispositive motions or trial materials, the Court may revisit this protective order in order to tailor more narrowly the appropriate scope of sealing and redacting of information in order to protect the right of the public to inspect judicial documents under both the First Amendment and under common law.

    5.  The parties must comply with procedures of the Clerk's Office and this Court's Chambers Rules as to documents to be filed under seal.[1]  This process requires that a party seeking to seal a document must first file a Motion for Leave to e-file a sealed document, with the proposed sealed documents attached to the motion.  The ECF system will notify the party when the motion is granted and provide instructions for filing the sealed document, using both the appropriate event for the motion and the sealed document event.

    The parties should make best efforts to file sealed documents electronically.  If a party has to file a hard copy, any such submission must be accompanied by a cover sheet in accordance with the form "Notice Regarding the filing of Exhibits in Paper Form," in the CM/ECF User's Guide.  The Notice must also be filed electronically.  Any sealing envelope should clearly

---

[1] The Clerk's instructions for electronically filing sealed documents are available on the Court's website at: http://www.nyed.uscourts.gov/pub/docs/local/EfilingSealedCV.pdf.

describe the document to be sealed and identify the document number on the docket sheet that corresponds to such sealed document.  Each envelope submitted for sealing may contain only one document or portions of one filing (such as multiple exhibits annexed to a document filed).

6.  A party submitting a document under seal or filing a document with redacted information must provide the District Judge and/or Magistrate Judge to be handling the application or motion at issue with a complete and un-redacted copy of the submission that is marked to indicate that the document is filed under seal, if applicable, and what portions of the submission are confidential.  The first page of the document must clearly indicate that the document or portions thereof are filed under seal or with redactions and the assigned ECF document number.

**SO ORDERED.**

Dated:   Brooklyn, New York
         March 30, 2012

_____
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE